## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Heewon Lee | ) | |
| "Pro Se" | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| BANK OF AMERICA, | ) | **COMPLAINT** |
| BANK OF AMERICA, N.A. and | | |
| HOME RETENTION SERVICE/ | | |
| SPECIALIZED LOAN SERVICING | ) | |
| Defendants. | ) | |

### INTRODUCTION

In violation of Massachusetts General Law: Chapter 244, Section 35B; Chapter

183C, Section 4; and Chapter 93A as well as 12 CFR §1026.43; 15 U.S. Code § 1639b;

12 CFR § 1024.38; 12 CFR § 1024.36; 12 CFR § 1024.40; 12 CFR  § 1024.41, Plaintiff

filed the lawsuit in the state courts (1777CV00271) to challenge the unlawful actions of

Defendants, Bank of America, BAC Home Loans Servicing, Home Retention Service

(Specialized Loan Servicing),("Defendant" or "BAC") in the process of providing a

permanent modification to the borrower's existing loan.

However, under 42 U.S.C. §1983, Plaintiff's due process rights were violated

because of handling of the case by the state court in Defendant's false representation

(fraud), clerical mistakes, and calculated omissions and distortions of fact and laws by the

superior court judge.

During the court procedure, the defendant made false representation with lying

that they did not have Plaintiff's amended complaint in order to dismiss default judgment

even though the defendant had the complaint for more than 6 months and not responding

1

to the amended complaint; the clerk made a mistake not to send 'notice of appeal' to the appeals court which resulted in losing plaintiff's opportunity for review in the state appeals court as well as the state supreme court.

The state court made judgment errors with omission of crucial arguments with evidential documents consistent with due process violation. Here the due process rights of the Fourteenth Amendment were violated without operating lawfully fair substantive processes in the state court.

This US Supreme Court held that "due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). "'Liberty' and 'property' ... are among the 'great constitutional concepts . . . purposely left to gather meaning from experience." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972) (citation omitted). A defendant's Fourteenth Amendment right "is a principle basic to our society" even if it does not "involve the stigma and hardships of a criminal conviction." Mathews, 424 U.S. at 333.

## JURISDICTION

The plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because this action is between parties that are citizens of different states and the amount in controversy is greater than $75,000. For diversity jurisdiction purposes, a national bank is a citizen of the state designated as its main office on its organization certificate.

BAC is, on information and belief, a citizen of North Carolina. Plaintiff is a citizen of Massachusetts.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) in that this matter is brought in which the matter in controversy exceeds the sum or value of $200,000, exclusive of interest and costs, and Plaintiff is a citizen of a State different from any defendant. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) inasmuch as the unlawful practices are alleged to have been committed in this District, Defendant regularly conducts business in this District, and the named Plaintiff reside in this District.

## PARTIES

1. HW lee is a resident at 60 Rantoul Street, Beverly, Massachusetts, 01915.
2. Bank of America, N.A. is a mortgage lender with headquarters at 101 Tryon Street, Charlotte, North Carolina 28255.
3. BAC Home Loans Servicing, LP – Home Retention Services/ Specialized Loan Servicing

## STATUTE OF LIMITATION

In McDonough v. Smith, No. 18-485, US Supreme Court holds statute of limitations on a Section 1983 claim start when court proceedings end. Section 1983 does not provide a statute of limitations. Federal courts are directed to follow the most analogous state statute of limitations pertaining to injuries to the rights of a person. Wilson v. Garcia, 471 U.S. 261 (1985).

On 5-29-2021, the superior court dismissed various motions including the notice of appeal (Exhibit 1-Docket 58), but Plaintiff filed 'notice of appeal' on denial of 'notice

3

of appeal' by the superior court (Exhibit 1-Docket 63); on 10-23-2020, the appeals court

denied the appeal (Exhibit 2); and on 5-13-2021, the supreme judicial court denied 'FAR'

– Further Appellate Review (Exhibit 3).

This re-litigation claim for due process rights  under 42 U.S.C. §1983 could not

be brought until SJC FAR was decided on 5-13-2021 in the state court system.  The

federal case for RICO claim against Defendants in this court was filed on 3-4-2020 (1:20-

CV-10434); meanwhile the state case (1777CV00271) was under review before the state

appeals court.

## ARGUMENTS

The due process clause of the Fourteenth Amendment was incorporated into the

U.S. Constitution to ensure that state governments operate lawfully and provide fair

procedures before taking governmental action against an individual or person.

Specifically, the Fourteenth Amendment's due process clause provides: No State shall

make or enforce any law which shall... deprive any person of life, liberty, or property

without due process of law. See U.S. Const, amend. XIV, § 1.

There are two main components of the Fourth Amendment's due process clause:

procedural due process and substantive due process. Procedural due process ensures a

state will not deprive a party of life, liberty, or property without employing fair

procedures to reach a decision.  In contrast, substantive due process ensures the state will

not deprive a party of certain, important fundamental rights at all, regardless of the

procedures used; and, where fundamental rights are not at issue, substantive due process

protects against arbitrary and oppressive government action. See Hyde Park Co. v. Santa

Fe City Council, 226 F.3d 1207, 1209 (10th Cir. 2000).

42 U.S.C. §1983 is the primary remedial statute for asserting federal civil rights claims against local public entities, officers and employees.  Section 1983 is the codification of the Civil Rights Act of 187.  The legislative purpose was to provide a federal remedy in federal court because the state governments and courts, "by reason of prejudice, passion, neglect, intolerance or otherwise" were unwilling to enforce the due process rights by the 14th Amendment.  Monroe v. Pape, 365 U.S. 167 (1961).

42 U.S.C. § 1983 allows civil actions to be brought for deprivation of constitutional rights.  The Fourteenth Amendment's due process clause - substantive due process, protects constitutional civil rights and bars certain governmental actions regardless of the procedures used to implement those actions.

More specifically, the U.S. Supreme Court has applied substantive due process in two different manners, one as the basis for recognizing fundamental rights, that is, rights that cannot be deprived no matter what; and the other as a basis for protecting against especially egregious governmental action with injury to the plaintiff by abusing or misusing government power.

In the American judicial system, few more serious threats to individual liberty can be imagined than a biased and unfair judge. Clothed with the power of the state and authorized to pass judgment on the most basic aspects of everyday life, a judge can damage the plaintiff's basic fundamental rights and injure to the property of the plaintiff.[1]

---

[1] "By the plain terms of § 1983, two – and only two – allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also, e.g., Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) ("A prima facie case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a

Some authorities include in the elements instruction a statement that the plaintiff must prove that the defendant's acts or omissions were intentional. See, e.g., Ninth Circuit Civil Instruction 11.1.

Plaintiff lost fair trial and judgment with intentional omissions of facts and laws by the state court judge's capricious acts. In addition, the state-court judge's acts did terminate plaintiff's opportunity to appeal. The chance to appeal is the most important because it provides a means of curing defects in any other due process violation. The order affecting important constitutional rights can be reviewed in another court.

## ALLEGATIONS

### I.    Defendant Counsel Committed Fraud

Plaintiff filed the original complaint on 2-28-2017 (Exhibit 1; Docket 1); and Defendant acknowledged that Defendant received the complaint (Exhbit 4), but did not file responsive pleading until Defendant filed Emergency Motion to Vacate Default Judgment on 11-17-2017 (Exhibit 1; Docket 13).

Plaintiff filed the amended complaint on 8-9-2017 (Exhibit 1; Docket 5), but did not file responsive pleading until Defendant filed Emergency Motion to Vacate Default Judgment on 11-17-2017 (Exhibit 1; Docket 13) by saying Defendant did not receive Amended Compalint.

The Defendant reason for emergency motion was that Defendant did not have (receive) amended complaint, but at Page 2 in Emergency Motion to Vacate Default

federal right; and (2) the person who deprived him of that right acted under color of state or territorial law.").

(Exhibit 5) filed by Shechtman Halperin Savage on November 17, 2017,  counsel

Jonathan S. Rankin admitted that he had the amended complaint by stating "Plaintiff's

Amended Complaint did not include a certificate of service attesting to the date…"

Somehow SHS (Shechtman Halperin Savage) removed him from the case and

replaced him with Mr. John H. McCann to lie to the court that Defendants and

Shechtman Halperin Savage did not have the Amended Complaint with help of BANA

AV Susan E. Magaddino's affidavit.  Unfortunately they did not know SHS's former

employee, Mr. Jonathan S. Rankin admitted SHS had the amended complaint. While Mr.

John H. McCann was insisting that Plaintiff should send the amended complaint since the

counsel did not have the amended complaint, the counsel filed 'Defendant Bank of

America, N.A.'s Motion to Dismiss Plaintiff Heewon Lee's Amended Complaint' on 2-

16-2018. (Exhibit 1; Docket 26 ).

Vacating 'Default Judgment' at the hearing on 12-20-2017 (Exhibit 1; Docket 19)

was based on the BANA Defendants' claim that the original complaint, the summons,

and the amended complaint were sent to the wrong party and the defendants did not have

any of complaints and the summons.  To the contrary, however, the defendants had the

the  Amended complaint by their own admission in 'Emergency Motion to Vacate

Default'.

Even though the defendant's had all the original complaint, the summons, and the

amended complaint, they showed knowingly conscious, extended, and unjustified

inattention" to the case to neglect to inquire as to the status of the case or/ and to make a

pleading to the complaints until filing an emergency motion in response to the default

judgment.

7

However, despite all the factual evidences, the state judge ignored Defendant's fraud/ misrepresentation to vacate default judgment in favor of Defendant. This fraud allows relitigation, to which res judicata cannot be applied.

In *Cinpres Gas Injection Limited v Melea Limited [2008] EWCA Civ 9*, the Court of Appeal ruled.... that the earlier judgment could be set aside on the basis of the "fraud of a party" exception to the doctrine of res judicata.

The doctrine prohibits a claim from being litigated repetitiously outside of the normal appeals process, and the goals of finality and certainty are furthered by the application of the doctrine of Res Judicata.

There is, however, an exception to the application of *res judicata* which is relevant to this case in which there is an alleged fraud underlying the original state court proceeding. It has long been recognized that a judgment attained with the aid of fraud does not deserve the deference normally given a case by other courts. In fact, a party may collaterally attack a previous judgment by proving that the previous decision arose from fraud. "the only restrictions on *res judicata* are that a party may collaterally attack a judgment to show it was obtained by fraud or collusion of the parties. . . ." *In re Bloomer,* 32 B.R. 25, 26 (Bankr.W.D.Mich. 1983).

In  Montalvo v. Banco Comercial De Mayaguez, 157 B.R. 510 (D.P.R. 1993), the superior court stated, "We find, as a matter of law...a limited exception to the application of *res judicata* exists where a claim is created in a prior case tainted by fraud. Normally,

such a prior decision would trump subsequent suits regarding the same claim, but not in a case where fraud was involved."

The Supreme Court explored this *res judicata* question and concluded that a state court decision obtained through fraud does not have a preclusive effect, and the bankruptcy court has the ability if not the duty to examine evidence of fraud brought to its attention: "...the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by *fraud* of a party. *Heiser v. Woodruff,* 327 U.S. 726, 736, 66 S. Ct. 853, 858, 90 L. Ed. 970 (1946) (emphasis added).[3]*Cf. United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 660 (1st Cir. 1990); *see also In re Giorgio,* 81 B.R. 766, 774 (D.R.I.1988); *In re KDI Corp.,* 14 B.R. 350, 353 (Bankr.S.D.Ohio 1981).

## II.    The Judges Committed Intentional neglects/ Errors/ Omissions

### *Intentional Neglects*

On 6-11-2018 at 3:39, Notice of Appeal (Exhibit 6; Exhibit 1: Docket 33), Relief from Judgment to Dismiss Amended Complaint (Exhibit 1: Docket 32), and Relief from Order to Vacate Default Judgment (Exhibit 1: Docket 31) were filed at 3:39 pm and the court was closed at 4:30.  Their motion and its memorandum with exhibits was more than 521 pages.  But the judge denied two reliefs within less than half an hour time frame for

the reason of no material change[2](Exhibit 1: Docket 34. It was not possible for the judge to review them all within that time frame including the processing time within the court.

In response to investigation by Commission of Judicial Conduct (Exhibit 7)[3], in the order on 8-28-2018(Exhibit 8), the judge omitted and distorted facts and laws in with evidential documents in two Reliefs and subsequent motions for his defense of the original order on 5-17-2017 (Exhibit 9),but not for impartial decisions based on evidence presented.

Since this was Relief (Rule 60), the arguments could not be appealed before the appeals court so that Plaintiff had to file numerous motions for the judges' fair judgments based on the evidences presented, but the judges intentionally avoided answering the questions for crucial evidences in facts and laws which was fundamental basis for the plaintiff's litigation arguments.

### *Intentional Omission and Distortion*

In order and memorandum on 8-28-2018 (Exhibit 8), the judge omitted and distorted Plaintiff's every single important fact and law for his own defense against SJC investigation in favor of Defendant's claims (in disfavor of Plaintiff's claims) as follows, but not limited to:

1. *The judge stated,*

---

[2] There were significant material changes. Amended Complaint had only 116 pages of supporting documents. Meanwhile, Relief from Vacate Default Judgment had 142 pages' evidential documents; and Relief from Judgment to Dismiss the Case (Amended Complaint) 245 pages' important documents for Plaintiff's additional arguments.

[3] This investigation was for unfair and biased actions by the judge at Motion 12 Hearing on 5-17-2018 (Exhibit 1; Docket 28, 29, and 30). Its investigation did not include omitting facts and laws in response to multiple motions by Plaintiff, as well as not reviewing two Reliefs filed on 6-11-2018.

*"He (Plaintiff) filed an application for a loan modification with BANA, on May 14, 2009, and again, on June 15, 2009. The application materials included Lee's financial information. BANA advised Lee that the information he had submitted was not sufficient and he resubmitted the application with supplemental information. In January 2010, BANA informed Lee he did not qualify for a loan modification. More specifically, BANA's 2010 denial stated: "The financial information submitted indicates that you do not have the resources to support a repayment plan or loan modification." –*

The judge only mentioned the facts in Defendant's favor, but did not state Plaintiff's claims by skipping important Plaintiff's evidential documents; for example, the judge omitted Paragraph 16 of Amended Complaint (Exhibit 10). It stated, "The financial information submitted in the July, 2009 application; the September, 2009 application; and December 2009 were the same as the financial information submitted in the July, 2010 application. However, Defendant rejected the application in January, 2010; but approved it in February, 2011." These facts were presented with Exhibits 20, 21, 22, 23, 24, 25, and 26.

This is the judge's attempt to omit crucial documents for Plaintiff's allegations to support the judge's order and opinion. In other words, the judge wanted to support Defendant's claim and his decision that Plaintiff did not have complete application materials.

2. The judge stated,

"On June 21, 2016, Lee sent BANA a letter if BANA was in compliance with federal and state laws and asking if there were any missing documents in the application he submitted....In October 2016, Lee sent BANA a letter complaining that it had failed to respond to the letter he had sent dated June 21, 2016...Later that month, BANA sent Lee a letter stating it was no longer actively reviewing the April Modification Request because it had not received certain requested documents"–

The judge distorted facts and also omitted crucial evidential documents in

11

favor of Defendant as follows:

A.  BANA letter did not say "the April Modification Request" in the letter
    dated Novermber 14, 2016 (Exhibit 11). – The judge intentionally added
    "April" to the modification request because at that time Plaintiff did not
    have income and could not send paystubs to BAC.  Thus in April
    Modification Request, Plaintiff's paystubs were missing which will justify
    BANA' letter about "no longer reviewing the April Modification Request
    because it had not received certain requested documents."

    Plaintiff sent complete application in early September, 2016 (Exhibit
    12)[4].  If the judge added "September"  to the modification request, it would
    prove that BANA letter on November 14 was a lie.  The judge
    intentionally omitted the truth because it would help Plaintiff's allegation;
    meanwhile hurting Defendant's case and Judge's support for the
    defendant.

B.  Plaintiff sent numerous complaining letters other than the June 21, 2016
    letter and the October 2016 letter.  The other letters were 2 letters on 12-
    16-2016, 2 letters on 2-4-2017,  2 letters on 2-22-2017, Demand Letter on
    2-28-2017. (Exhibit 13). The judge omitted them intentionally because the
    judge wanted to show BANA responded to Plaintiff's June and October
    letter in November in time in support of his decision and in favor of

---

[4] As stated in the form sent by Defendant, 4 requirements were 1) Borrower Assistance Form; 2) 4506T-
EZ; 3) Income documentation; 4) Hardship documentation (Exhibit 12A). Plaintiff met all requirements.

Defendant. Defendant did not provide any evidence of response to 7 letter from December, 2016 to February 2017.

C. Judge did not mention Plaintiff's application materials were complete. He mentioned only that BANA sent Lee a letter stating...it had not received certain requested documents. The judge did not mentioned that the application materials sent in September 21, 2016 (Exhibit 12) were complete in attempt to support his decision and Defendant's case.

Also Judge did not mentioned about Defendant's contradiction by denying Plaintiff's application because Plaintiff's income was unaffordable for the program (Exhibit 14) meanwhile insisting that Defendant was no longer reviewing...not received certain requested documents (Exhibit 11).

3. The judge stated,

"On June 11, 2018, Lee filed a document captioned Emergency Motion for Relief from Order to Vacate Default Judgment...the court denied the Emergency Motion for Relief via margin endorsement. Even if the court considers the filing of the Emergency Motion for Relief service of a motion for reconsideration, it was filed twenty-five days after the order of Dismissal used and thus, it was not timely filed within the ten-day period set forth in Rule 59. Following the filing of the Emergency Motion for Relief, Lee filed the pending Motion for Clarification and Reconsideration. Just as the former was not timely filed, the Motion for Clarification and Reconsideration was not filed within ten days of the Order of Dismissal as required under Rule 59. –

Judge did not have a knowledge of Rule 59 and Rule 60 or might have exercised intentional misunderstanding of Rule 59 in order to justify or/ and defend his action for rejecting two Reliefs without reviewing them. According to

13

MA Civil Procedure Rule, Rule 59 has to be filed within 10 days; meanwhile Rule 60 can be filed within 1 year. Plaintiff filed Rule 60, but not Rule 59.

A. The judge's statement above was an attempt to defend his action of dealing with Plaintiff's Emergency Motion. Plaintiff walked in to the Clerk's office around 3 pm on or around June 11 to submit Emergency Motion, but Judge denied it on that day less than half an hour period saying "not emergency enough and no material change." without actually reviewing them as stated in 'Intentional Neglect' section.

B. Plaintiff filed "Notice of Intent to file Motion for Clarification and Reconsideration…" on 6-22-2018 (Exhibit 1; Docket 35) meanwhile sending it to Defendant counsel in conformance with Rule 9A. That was why it took more than 10 days for all documents for the Motion to be delivered back to the court. In conformance with Rule 9A, the Motion cannot be delivered to the court within 10 days.

C. The judge intentionally pretended not to know that Rule 60 Motion for Relief can be filed within 1 year after dismissal of the case according to MA Civil Procedure Rule and pretended to consider it as Rule 59 in order to justify his denial of two Reliefs without reviewing them.

4. The judge stated,

"the Amended Complaint would still fail to state a claim upon which relief could be granted because the regulation does not create a private right of action" …"The regulation 12 C.F.R. § 1024.40 does not provide a private right of action" …–

As per GLC 244 §35(b)(1), "Any modified mortgage loan offered to the borrower shall comply with current federal and state law, including, but not limited to, all

14

rules and regulations pertaining to mortgage loans…" (Exhibit 15).  This state code provides a private right of action for violation of federal regulations and laws pertaining to mortgage loans.

5.  The judge stated,

> "While, at this stage, the allegations asserted in the Amended Complaint are sufficient to plausibly suggest BANA violated 12 C.F.R. § 1024.41, they are not adequate to state a claim for legal redress to that violation, because the allegations do not demonstrate how the violation caused Lee injury" –

The violation caused Plaintiff damage of increased principal amount. ( Exhibit 16). The judge did omit this evidential document.

6.  The judge stated,

> "Moreover, in this case, Lee has failed to allege facts sufficient to demonstrate BANA engaged in a "pattern or practice of noncompliance" –

Plaintiff provided the evidential documents by sending and requesting timely information (Exhibit 13), but Defendant did not provide any documents to prove their conformance with 12 C.F.R. § 1024.38.  The judge intentionally omitted these evidential documents.

7.  The judge stated,

> "The Amended Complaint does not allege that BANA actually foreclosed on the Property."

As a matter of fact, the amended complaint did not allege the foreclosure of the property, but in Relief from Judgment to Dismiss the Amended Complaint, Defendant's intent to foreclose the property in the Landcourt (Exhibit 17) was alleged.  This order was made on 8-28-2018 after two Reliefs were filed on 6-11-2018.  The judge should have made opinion based on two Reliefs, but not the amended complaint.

15

This proves further that the judge did not review two Reliefs; or intentionally omitted and distorted the facts and laws of the allegation in the two Reliefs. Instead the judge focused on the amended complaint with same pattern of omissions and distortions to give favored decision for Defendant as well as favored defense for the judge against SJC investigation.

Under the Due Process Clause of the United States Constitution, all litigants are entitled to objective impartiality from the judiciary. In Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), the United States Supreme Court held that the 14th Amendment Due Process Clause requires judges to recuse themselves from cases that represent a probability of bias. But the judge refused to recuse himself and instead omitted and distorted the facts and laws for the sake of defending himself in response to SJC investigation.

In Brown v. Felsen, 99 S.Ct. 2205, 2209 (1979) (Tab 1) (citing Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)), under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."

In Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235 (11th Cir. 1999). MOORE'S FEDERAL PRACTICE § 131.01, at 131-11 (hereinafter, "Moore's"), one of 4 elements of Federal claim preclusion are: (1) there must have been a final judgment on the merits;

In Stat of Uttar Pradesh & Anr. V. Jagdish Sharan Agrawal & Ors. (2009) 1 SCC 689, the Apex Court held that where the matter has not been decided on merit earlier, the doctrine of res judicata is not applicable.

16

The distortion and omission of facts and laws by the judges were questioned and asked for clarifications based on the evidential documents presented by Plaintiff in numerous subsequent motions (Exhibit 1; Dockets 37, 41, 43, 47, and 54), which were continuously ignored and denied. Plaintiff had no choice but to file continuous motions for clarifications since Rule 60 motions would not be reviewed before the appeals court.

In the state case, the judge's decision was not on the merits with omission and distortion of the facts and laws. The re-litigation is not barred in this court.

### III.    The Clerks Committed Procedural Errors

On 6-11-2018s at 3:39, Plaintiff filed Notice of Appeal (Exhibit 6; Exhibit 1: Docket 33), Plaintiff made every effort to expedite an appeal. On June 15, 2018, Plaintiff asked if Transcriber Barbara Reardon sent the original transcripts to the District Courts; and was confirmed that the transcriber sent the transcripts to the District Court on May 22, 2018 (Exhibit 18). Also later Plaintiff was confirmed by the District Court on the phone that the Court received the transcripts.

On September 4, 2018, Plaintiff called the Appeals Court (617-725-8106) to notify that Plaintiff did not receive any response from the Appeals Court (Exhibit 19); and then the Appeals Court told that the court did not receive yet any documents from the District Court; and advised that Plaintiff should contact the District Court about it.

From September 4 to September18, Plaintiff made more than14 calls to the District Courts (978-242-1900 at Lawrence and 978-744-5500 at Salem) to find out why Plaintiff's documents were not transferred to the Appeals Court and asked the court to

expedite Plaintiff's documents to the Appeals Court (Exhibit 19)[5].  Eventually Plaintiff

was told that Plainitff's documents were not sent to the Appeals Court yet because

Plaintiff filed Relief from Judgment to Dismiss Amended Complaint (CPR Rule 60) and

would be sent after the outcome of  Plaintiff's Motion for Relief (Exhibit 19A}.

On 2-19-2019, Defendant filed 'Motion to Dismiss the Appeal' (Exhibit 1;

Docket 45).  With Plaintiff's 'Opposition to Defendant's Motion to Dismiss the Appeal'

on 2-27-2019 (Exhibit 1; Docket 46), the court denied it on 3-4-2019 and gave Plaintiff to

file the appeal again within 60 days (Exhibit 1; Docket 48) which led to the filing

deadline date of 5-3-2019.

Since Plaintiff filed 'Notice of intent to file motion for reconsideration and

clarification in dismissal of amended complaint' on 3-27-2019 (Exhibit 1; Docket 51) and

the court is not going to send the notice of appeal to the appeals court while the outcome

of motion for Relief was pending, Plaintiff filed motion for clarification on the court's

order of denying 'Defendant Motion to Dismiss the Appeal' (Exhibit 1; Docket 52) as

well as motion for extension of prosecuting the appeal on 4-19-2019 (Exhibit 1; Docket

53).

On 4-25-2019 (Exhibit 1; Docket 54), Plaintiff filed 'Reconsideration and

clarification in dismissal of amended complaint.  Since the court did not respond to

clarification on denying 'Defendant Motion to Dismiss the Appeal', Plaintiff filed

emergency motion for extension of prosecuting the appeal on 5-2-2019 (Exhibit 1;

Docket 55).[6]

---

[5] The phone call records were accompanied with Plaintiff's Affidavit (Exhibit 19A).
[6] Plaintiff called and talked to a superior court clerk on  5-2-2019 if I should file ' a new notice of appeal'
on that day even though  a decision on Relief (Rule 60) was still pending and motion for extension of

On 5-29-2019 (Exhibit 1; Docket 57), the court denied all motions and dismissed the notice of appeal. Plaintiff had no choice but to file a notice of appeal on 'dismissing the notice of appeal'. The appeals court denied the appeal stating "...Because the notice of appeal was filed more than thirty days (indeed, more than one year) after the entry of the June 11, 2018, order, it was untimely as to that order and thus did not bring the order before us for review..." (Exhibit 2). SJC also denied FAR without any opinion (Exhibit 3).

If the superior court clerk sent to the appeals court 'notice of appeal' filed on 6-11-2018, Plaintiff should have had an opportunity for the amended complaint to be reviewed before the appeals court. If the superior court judge gave an answer to Plaintiff's motion for clarification on denying 'Defendant Motion to Dismiss the Appeal' filed on 4-19-2019[7], Plaintiff should have had an opportunity for the amended complaint to be reviewed before the appeals court.

If the superior court judge answered motion for extension of prosecuting the appeal filed on 4-19-2019 and denied it before 5-302019 filing deadline for notice of appeal, Plaintiff should have had an opportunity for the amended complaint to be reviewed before the appeals court.

But because of the clerical mistakes as well as capricious decisions by the judge, Plaintiff lost due process rights protected under the Fourteenth Amendment.

---

prosecuting the appeal was filed. Plaintiff was told that filing new notice of appeal could be waited until the court decision on the motions can be delivered.

[7] Plaintiff was seeking answer from the court if new notice of appeal should have been filed even though motion for reconsideration and clarification on relief from judgment to dismiss amended complaint.

**IV.     Due Process Rights Were Violated Under 42 U.S.C. §1983**

In the American judicial system, few more serious threats to individual liberty can be imagined than capricious decisions by a judge, intentional or unintentional mistakes by a clerk, and fraud and misrepresentation by a party involved in the legal process.

The U.S. Supreme Court made the following ruling: "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law." From Marshall v. Jerrico, Inc. (446 US 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980))

The U.S. Supreme Court also has ruled the following: "State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law." From *Stone v. Powell* (428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976)).

In the state case (1777CV00271), Plaintiff's due process rights were deprived in violation of 42 U.S.C. §1983. Thus Plaintiff pleads this court for re-litigation of Defendant's violation of the state and federal laws.

Respectfully Submitted,

/s/ Heewon lee - "Pro Se"

60 Rantoul Street Unit #110
Beverly, MA 01915
Tel: (617) 717-8000
Date: April 4, 2023

20

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document will be sent to the party, who is involved in this case in accordance with Federal Local Rule 5.2.

Respectfully Submitted,

/s/ Heewon lee -"Pro Se"
Date: April 4, 2023

21