**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| **HEEWON LEE,**                                  ) | |
| )                                                                | |
| **Plaintiff,**                          ) | |
| )                                                                | |
| **v.**                                      ) | **Civil Action No.** |
| )                                                                | **23-10714-FDS** |
| **BANK OF AMERICA; BANK OF**         ) | |
| **AMERICA, N.A.; and HOME**               ) | |
| **RETENTION SERVICE/SPECIALIZED** ) | |
| **LOAN SERVICING, LLC,**                     ) | |
| )                                                                | |
| **Defendants.**                        ) | |
| _____ ) | |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND**
**PLAINTIFF'S MOTION TO AMEND**

**SAYLOR, C.J.**

This is a case arising from a dispute over attempts by plaintiff Heewon Lee to modify his home loan. On October 24, 2007, Lee signed a promissory note secured by a mortgage with Bank of America, N.A. ("BANA") for property located at 60 Rantoul Street, Unit 110, Beverly, Massachusetts. Lee made multiple attempts to modify that loan. He has since filed multiple, unsuccessful lawsuits concerning his financial relationship with BANA. This action is his fourth lawsuit in this court, and fifth overall, raising claims arising out of his attempts to modify the loan. He has filed this complaint asserting claims under 42 U.S.C. § 1983 for violations of his constitutional rights against defendants over the entry of an adverse state-court judgment in 2018.

Defendants BANA and Home Retention Service/Specialized Loan Servicing, LLC ("SLS") have separately moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and

12(b)(6).  Shortly after defendants filed their motions, plaintiff moved to amend his complaint for the second time.

For the reasons set forth below, defendants' motions to dismiss will be granted and plaintiff's second motion for leave to amend will be denied.

## I.   Background

The following facts are set forth in the first amended complaint and briefing before the court.[1]

### A.   Parties

Heewon Lee is a resident of Beverly, Massachusetts.  (Am. Compl. at 3).

Bank of America, N.A. is a banking corporation that served as mortgage lender for plaintiff for the relevant property.  (Am. Compl. Ex. 9 at 1-2).[2]  BANA elected to appear on behalf of "Bank of America" and BAC Home Loans Servicing, LP, its predecessor-by-merger, to the extent they are named in this action.  (ECF No. 21 at 1 n.1; Am. Compl. Ex. 5.1 at 1 n.1).

Home Retention Service/Specialized Loan Servicing, LLC is the current servicer of Lee's home loan, following a transfer from BANA effective December 1, 2022.  (ECF No. 21 Ex. A).

---

[1] Many of the relevant facts are not alleged in the complaint.  To give clarity and sufficient background for the purpose of analyzing the motions before it, the court will refer to certain extrinsic documents of undisputed authenticity without converting defendants' motions to dismiss into summary judgment motions.  *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment under "narrow exceptions").  "[N]arrow exceptions" may include "documents the authenticity of which are not disputed by the parties; [ ] official public records; [ ] documents central to the plaintiffs' claim; [and] documents sufficiently referred to in the complaint."  *Id.*  The court relies on documents that are either authentic public records (relevant judicial opinions and dockets), are sufficiently referred to in the complaint, or both (for example, the amended complaint directly quotes the state court's dismissal order).  (*See, e.g.*, Am. Compl. at 9).

[2] Although both BANA and "Bank of America" are named as defendants, only BANA was served with process.  (*See* ECF No. 7).  BAC Home Loans Servicing, LP ("BAC") is omitted from the caption of the amended complaint but listed within the complaint as a party to the action.  (*See* Am. Compl. at 3).  Summonses were returned executed as to BANA and SLS.  (ECF Nos. 6, 7).

B.      **Factual Background**

On October 24, 2007, Lee and BANA executed a promissory note for a home loan on a property in Beverly, Massachusetts, in the amount of $185,250.  (Am. Compl. Ex. 21).  As security, Lee executed a mortgage on the property, which was recorded with the Essex South District Registry of Deeds on October 24, 2007.  (ECF No. 21 at 3, Ex. C; Am. Compl. Ex. 21).

In 2009, after defaulting on his loan payments, Lee sought a mortgage modification.  (Am. Compl. Exs. 13, 24).  After a series of renewed submissions to supply missing documents, his request was denied.  (*Id.* Ex. 23).

In July 2010, Lee sent a new application for a modification.  (*Id.*).  This time, BANA approved the application and offered to modify the loan, the effect of which would be to increase the principal balance owed by $40,000.  (*Id.* Ex. 13).  Lee did not, however, accept the offer.  (*Id.*).

On December 23, 2010, Lee challenged the loan modification process in federal court.  *Lee v. Bank of Am., N.A.*, 2013 WL 212615, at *2 (D. Mass. Jan. 18, 2013).  In that case, the amended complaint asserted eight claims against defendants BANA and BAC:  breach of contract; breach of duty of good faith and fair dealing; violations of Mass. Gen. Laws ch. 93A, § 2; violations of the Fair Debt Collection Practices Act; negligence; violations of the Federal Trade Commission Act; intentional and negligent misrepresentation; and intentional infliction of emotional distress.  *Id.* at *4.  All claims were related to plaintiff's attempts to modify his home loan.  *Id.* at *1-2.

The court (O'Toole, J.) granted BANA's motion to dismiss as to six of the eight claims and later granted summary judgment on the remaining two.  *Id.* at *4 (partially granting motion to dismiss); *Lee v. BAC Home Loans Servicing, LP*, 2014 WL 4964411 (D. Mass. Sept. 30, 2014) (granting summary judgment on remaining counts).  The First Circuit affirmed the

3

judgment substantially for the reasons stated in the two decisions.  *Lee v. Bank of Am., N.A.*, 2016 WL 11780332 (1st Cir. Mar. 29, 2016).

In April 2016, Lee again attempted to modify his home loan with BANA.  (Am. Compl. Ex. 10).  BANA responded with a letter stating the amount of debt owed on the loan and requesting that Lee respond within 30 days if he disputed the validity of the debt.  (*Id.*).  Lee then disputed the debt.  (*Id.*).  BANA simultaneously considered the modification application and requested tax information.  (*Id.*).  In June 2016, BANA informed Lee that it was considering his modification request.  (*Id.*).  However, on November 14, 2016, BANA informed him that it was no longer reviewing his application because it had not received certain requested documents. (*Id.* Ex. 11).  On December 22, 2016, BANA filed a notice of foreclosure in Massachusetts Land Court and notified Lee of its intention to foreclose on the property.  (*Id.* Ex. 8).

On February 28, 2017, Lee challenged the loan modification process in Essex Superior Court, again suing BANA and BAC.  (Am. Compl. Ex. 1).[3]  That complaint alleged violations of Mass. Gen. Laws ch. 244, § 35; Mass. Gen. Laws ch. 183C, § 4; and Mass. Gen. Laws ch. 93A. (Am. Compl. Ex. 9 at 1, *Lee v. BAC Home Loans Servicing, LP*, No. 1777CV00271 (Essex Super. Ct. 2018)).  In addition, the complaint asserted violations of federal laws and regulations under 15 U.S.C. § 1609(b), 12 C.F.R. §§ 1024.36, 1024.38, 1024.40, and 1024.41.  (*Id.*).  The court dismissed the state-law claims for failure to state a claim.  (*Id.* at 4-5).  The court dismissed the federal claims on the basis of *res judicata*, relying on Judge O'Toole's earlier orders of dismissal and summary judgment.  (*Id.* at 5-7).  The court accordingly entered judgment for BANA.  (Am. Compl. Ex. 1).  Lee filed various post-judgment motions seeking to vacate the

---

[3] Although the state-court docket reflects BAC as the sole defendant, (Am. Compl. Ex. 1), BANA elected to appear as a defendant in the litigation both in its own capacity and as successor to BAC.  (Am. Compl. Ex. 9).

judgment, to force recusal of the judge, and for clarification and reconsideration. (*Id.*). All were denied. (*Id.*).

On June 11, 2018, Lee filed a notice of appeal. *Lee v. Bank of Am., N.A.*, 98 Mass. App. Ct. 1115, at *1 (2020). The appeal was dismissed on May 29, 2019. *Id.* On June 25, 2019, Lee appealed the dismissal. *Id.* On October 23, 2020, the Appeals Court affirmed the May 29, 2019 order because Lee had failed to furnish a basis on which to disturb the judgment. *Id.* The court noted that to the extent Lee also sought appeal of a June 11, 2018 order denying one of his motions for relief from judgment, it could not review it because it would be untimely. *Id.* n.3. On May 13, 2021, the Supreme Judicial Court denied further appellate review. *Lee v. Bank of Am. Home Loans Servicing*, 487 Mass. 1106 (2021).

On March 4, 2020, Lee again turned to federal court to challenge the loan-modification process. *Lee v. Bank of Am.*, No. 20-cv-10434 (D. Mass. 2020). That complaint raised RICO and promissory estoppel claims against BANA and several of its employees. *Lee v. BAC Home Loans Servicing, LP*, 2021 WL 847990, at *1 (D. Mass. Mar. 5, 2021). The court (Casper, J.) granted BANA's motion to dismiss, primarily on the ground that Judge O'Toole's dismissal and summary judgment orders barred plaintiff's claims under the doctrine of *res judicata*. *Id.* at *1-2. In the alternative, the court ruled that even if the claims were not barred, they nevertheless failed to plausibly state a claim. *Id.* at *3. On June 14, 2022, the First Circuit affirmed the dismissal order. *Lee v. Bank of Am., N.A.*, 2022 WL 2398890 (1st Cir. June 14, 2022). On June 5, 2023, the Supreme Court denied a petition for a writ of certiorari. *Lee v. Bank of Am., N.A.*, 143 S. Ct. 2582 (2023).

On August 23, 2022, Lee filed a third lawsuit against BANA in this court concerning his loan modification. *Lee v. Bank of Am., N.A.*, No. 22-cv-11354 (D. Mass. 2022). On February 9,

2023, the court (Saris, J.) dismissed the complaint *sua sponte* for failure to file a return of service.

###    C.    Procedural Background

This action—again, the fourth in this court, and the fifth overall—was filed on April 5, 2023. The complaint alleges that plaintiff's due process rights were violated because of the handling of the state-court case.

On May 8, 2023, defendants BANA and SLS each filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and as barred by the *Rooker-Feldman* doctrine.

On May 12, 2023, plaintiff moved to amend the complaint. Because he could have amended his complaint as of right under Fed. R. Civ. P. 15(a)(1)(B), the court denied his motion without prejudice as unnecessary. The court ruled that if plaintiff filed an amended complaint as of right within 14 days (that was, by June 2, 2023), defendants' motions to dismiss (ECF Nos. 8, 12) would be terminated as moot without prejudice to their renewal. However, if plaintiff failed to file an amended complaint within that period, the court ordered that the original complaint and those motions would remain pending.

On June 5, 2023, plaintiff filed an amended complaint, again alleging a mishandling of his state-court case because of misrepresentations by counsel, intentional and negligent errors and omissions by the state-court judges, and procedural errors by the clerks in violation of 42 U.S.C. § 1983. On June 16, 2023, defendants BANA and SLS again filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and as barred by the *Rooker-Feldman* doctrine. Plaintiff filed his first amended complaint three days after the court-ordered deadline. However, in light of plaintiff's *pro se* status, and the fact that the proposed amended complaint is more complete, it appears that on balance leave should be "freely give[n]" in this

instance.  Fed. R. Civ. P. 15(a)(2).  Thus, the court will excuse the delay and consider the first amended complaint to resolve defendants' motions in response.

Plaintiff did not formally oppose either motion.  He has instead moved for leave to file a second amended complaint.  Both defendants have opposed that motion.

## II.    Legal Standards

Where a motion to dismiss is filed against a *pro se* litigant, any document filed by the *pro se* party is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'"  *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 1997 WL 351633, at *1 (1st Cir. 1997) (per curiam)).

### A.    Rule 12(b)(1) Motion to Dismiss

The party invoking the jurisdiction of a federal court "carries the burden of proving its existence."  *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995).  If a party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted.  *Id.*  In ruling on such a motion, the court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in the plaintiff's favor.  *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

### B.    Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

The doctrine of claim preclusion prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion "bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). "[W]hen a federal court considers the preclusive effect of an earlier state court judgment, it must apply that state's preclusion principles." *Goldstein v. Galvin*, 719 F.3d 16, 22 (1st Cir. 2013); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). To establish claim preclusion under Massachusetts law, a party must show that three elements have been satisfied: "(1) the identity or privity of the parties to the present and prior actions, (2)

identity of the cause of action, and (3) prior final judgment on the merits." *Daluz v. Department of Correction*, 434 Mass. 40, 45 (Mass. 2001).

      **C.**    <u>**Leave to File Amended Complaint**</u>

      Rule 15(a) "reflects a liberal amendment policy . . . and provides that a court 'should freely give leave when justice so requires.'" *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009). When "justice so requires" does not command a district court to "mindlessly grant every request for leave to amend." *See Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388 (1st Cir. 2013) (citing *Aponte-Torres v. University of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006)). In determining whether to grant a motion to amend, the court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

      Leave to amend can be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In reviewing for futility, the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Id.*

## III.  <u>Analysis</u>

      **A.**    <u>***Rooker-Feldman***</u>

      Defendants have both moved to dismiss the complaint as barred by the *Rooker-Feldman* doctrine.

      The *Rooker-Feldman* doctrine bars federal courts from adjudicating complaints seeking to challenge final state-court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S.

413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the *Rooker-Feldman* doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The only federal court with authority to review the rulings of state courts is the United States Supreme Court. *Silva v. Massachusetts*, 351 Fed. Appx. 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'") (quoting *Lance v. Dennis*, 546 U.S. at 463); *see also Davison v. Government of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

Here, the complaint explicitly "pleads this court for re-litigation of Defendant's violation of the state and federal laws in the state court regarding the default judgment, the HAMP modification, and the opportunity for appeal under the due process protection in the 14th Amendment." (Am. Compl. at 19). That "re-litigation" is precisely what is barred by the doctrine. "*Rooker-Feldman* bars a losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994)) *See Tyler*, 914 F.3d at 50; *Davidson v. Government of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("*Rooker-Feldman* squarely applies when a plaintiff insists that [a federal court] must review and reject a final state court judgment," even when the plaintiff has not "actually argued the

merits of [his] claim[ ] in state court.").

Although the complaint purports to assert constitutional violations by both defendants and the state court, the *Rooker-Feldman* doctrine nevertheless applies because the central injury pleaded by plaintiff is the adverse state-court judgment. *See Davidson*, 471 F.3d at 223 (applying *Rooker-Feldman* where "the only real injury to Plaintiffs is ultimately still caused by a state court judgment"). Plaintiff cannot "evade the reach of the *Rooker-Feldman* doctrine by artful pleading" when it is "luminously clear that the plaintiff's current grievances implicate" the state-court judgment. *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 65 (1st Cir. 2018) (applying *Rooker-Feldman* although the complaint did not expressly mention the state-court judgment).

For those reasons, the motions to dismiss will be granted.

**B.      Claim Preclusion**

Even if the court possessed subject-matter jurisdiction, it must still dismiss the complaint because the claims are barred under principles of claim preclusion. To consider the preclusive effect of the Massachusetts state-court judgment, the court must apply Massachusetts law. *Goldstein*, 719 F.3d at 22. Establishing claim preclusion under Massachusetts law requires proof of three elements: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Daluz*, 434 Mass. at 45.[4] All three elements are clearly satisfied here.

First, the parties are in privity for purposes of the Massachusetts preclusion principles.

---

[4] The analysis would be substantially similar if the matter involved a federal final judgment because jurisdiction is based on diversity. *Hatch v. Trail King Industries, Inc.*, 699 F.3d 38, 44 (1st Cir. 2012) ("We apply 'the law that would be applied by state courts in the State in which the federal diversity court sits' to successive diversity actions, unless 'the state law is incompatible with federal interests.'" (quoting *Semtek Int'l, Inc.*, 531 U.S. 497, 508-09 (2001))); *see Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc.*, 79 F.4th 1, 4 (1st Cir. 2023). Massachusetts preclusion law is not incompatible with federal interests here.

The state-court complaint named BAC and BANA.  BANA appeared in its own capacity and on behalf of BAC, its predecessor-by-merger.  (Am. Compl. Ex. 9 at 1, *Lee v. BAC Home Loans Servicing, LP*, No. 1777CV00271 (Essex Super. Ct. 2018)).  Thus, as to defendant BANA there is identity of parties.

Although defendant SLS did not appear in the state-court action, it is in privity with BANA, which represented both the mortgagee and loan servicer interests in the state-court action.  That is sufficient.  *See Ross v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 517204, at *1 n.1 (D. Mass. Feb. 11, 2021); *Santos v. U.S. Bank Nat. Ass'n*, 89 Mass. App. Ct. 687, 693 (2016); *Federal Nat'l Mortg. Ass'n v. Valdez*, 93 Mass. App. Ct. 1119, at *1 (2018); *U.S. Bank Nat'l Ass'n v. Mistovich*, 97 Mass. App. Ct. 1122, at *2 (2020); s*ee also R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1st Cir. 2006) ("Typically, a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan.  Thus, it will be a rare case in which those two parties are not perfectly identical with respect to successive suits arising out of a single mortgage transaction."); *but see Cavic v. America's Servicing Co.*, 806 F. Supp. 2d 288, 292 (D. Mass. 2011).

Second, the causes of action are identical in that they "arise out of a common nucleus of operative facts," or could have been brought in an earlier proceeding.  *Massachusetts Sch. of L. at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 38 (1st Cir. 1998).  The present complaint expressly seeks "re-litigation" of the state-court claims by raising constitutional challenges to the state-court judgment against plaintiff.  (*See, e.g.*, Am. Compl. at 19) ("Plaintiff pleads this court for re-litigation of Defendant's violation of the state and federal laws in the state court . . .").  Claim preclusion not only bars claims that actually were brought in a prior proceeding, but also those that could have been brought.  *Heacock v. Heacock*, 402 Mass. 21, 23 (1988) (claim

preclusion applies "even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim."). The allegations in the state-court case, prior federal cases, and the instant suit concern the same dispute: plaintiff's home loan modification efforts. Each suit, though framed using different legal theories, arises from the same common nucleus of facts.[5]

Finally, "under Massachusetts law, as elsewhere, dismissal for failure to state a claim . . . operates as a dismissal on the merits with res judicata effect." *Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983). Because plaintiff previously and unsuccessfully litigated the same issues in his prior federal and state-court actions, he is precluded from raising the claims in this action.

### C.     Failure to State a Claim

Finally, even if the court possessed subject-matter jurisdiction, and claim preclusion did not apply, the complaint is still defective because defendants are not subject to suit under 42 U.S.C. § 1983. Section 1983 establishes liability for any person acting under the color of state law who deprives any United States citizen of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see Johnson v. Mahoney*, 424 F.3d 83, 89 (1st Cir. 2005). Private parties are not normally subject to suit under § 1983. *González-Maldonado v. MMM Healthcare, Inc.*, 693 F.3d 244, 247-48 (1st Cir. 2012); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Because BANA and SLS are private parties that were not

---

[5] The state-court judgment dismissed the state claims on the merits and the federal claims on *res judicata* grounds. (Am. Compl. Ex. 9 at 1, *Lee v. BAC Home Loans Servicing, LP*, No. 1777CV00271 (Essex Super. Ct. 2018)). *See Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983) ("under Massachusetts law, as elsewhere, dismissal for failure to state a claim . . . operates as a dismissal on the merits with res judicata effect"); *Andrews-Clarke v. Lucent Technologies, Inc.*, 157 F. Supp. 2d 93, 99-100 (D. Mass. 2001) (collecting cases). To the extent a dismissal on *res judicata* grounds cannot constitute a final judgment on the merits, the original federal judgment against Lee and in favor of BANA is a final judgment for purposes of claim preclusion. *See Lee v. BAC Home Loans Servicing, LP*, 2013 WL 212615 (dismissing claims); *Lee v. BAC Home Loans Servicing, LP*, 2014 WL 4964411 (granting summary judgment on remaining claims); *see also Lee v. BAC Home Loans Servicing, LP*, 2021 WL 847990 at *1.

acting under color of state law, they are excluded from the reach of § 1983.  *American Mfrs. Mut. Ins.*, 526 U.S. at 50 ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))).  Therefore, the complaint fails to state a claim that is plausible on its face.

### D.      Motion for Leave to File Second Amended Complaint

Plaintiff has moved for leave to file a second amended complaint.  Under Fed. R. Civ. P. 15(a), a party may amend a pleading without leave of the court only under relatively narrow circumstances.[6]  In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave.  *See* Fed. R. Civ. P. 15(a)(2).  (*See* ECF Nos. 25, 26).

The motion for leave to amend will be denied because the proposed amendment would be futile.  In reviewing for futility, district courts apply the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion.  *Glassman*, 90 F.3d at 623.  The second amended complaint suffers from the same infirmities as the first—it seeks "re-litigation" of claims that were fully and finally adjudicated in state court.  (*See* ECF No. 24 Ex. 1 at 4 ("This federal case (1:23-CV-10714) complaint is about 'Re-litigation of the state case (1777-CV-00271) for constitutional violation of due process rights by the state-court actions from 2017 to 2019.")).  The proposed complaint is barred by the *Rooker-Feldman* doctrine such that any amendment would be futile. *See, e.g.*, *Bauersachs v. Massing*, 2019 WL 1961077, at *3 (D. Mass. May 1, 2019) (denying a motion for leave to amend as futile because barred by *Rooker-Feldman*); *Smith v. Krupp*, 646 F. Supp. 3d 193, 201 (D. Mass. 2022) (same); *see also Jackson v. Salon*, 614 F.2d 15, 17 (1st Cir.

---

[6] A party may amend a pleading once as a matter of course within "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).

1980).  The court would not have jurisdiction over the second amended complaint and would be required to dismiss it.[7]  Accordingly, the motion for leave to file a second amended complaint will be denied on the ground of futility.

## IV.    <u>Conclusion</u>

For the foregoing reasons, defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and as barred by the *Rooker-Feldman* doctrine are GRANTED and plaintiff's motion for leave to amend is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV

Dated:  January 9, 2024                           Chief Judge, United States District Court

---

[7] The court would also be required to dismiss the proposed amended complaint under Rule 12(b)(6) for failure to state a claim, as it makes substantially similar allegations for the 42 U.S.C. § 1983 claim.